UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 10-68727

LARRY WARD,                                               Chapter 7

        Debtor.                                      Judge Thomas J. Tucker
_____/

**OPINION DENYING DEBTOR'S DISCHARGE**

Debtor was granted a discharge under 11 U.S.C. § 1328(a) in a Chapter 13 case filed within six years before Debtor filed his voluntary petition for relief in this Chapter 7 case. For the reasons stated in this opinion, the Court concludes that under 11 U.S.C. § 727(a)(9), Debtor's discharge must be denied.

**I. Facts and procedural history**

On September 21, 2004, Debtor filed a voluntary Chapter 13 petition in this Court, Case No. 04-66570. In that case, the Court confirmed Debtor's 36-month Chapter 13 Plan,[1] Debtor completed all payments under the Plan, and on April 3, 2008, Debtor received a discharge under 11 U.S.C. § 1328(a).[2] Debtor's Plan required Debtor to make payments to the Chapter 13 trustee of $160.29 bi-weekly, for 36 months, plus 100% of all tax refunds that Debtor became entitled to during the pendency of the Plan. The Plan further provided that it would pay at least 54% of allowed general unsecured claims, or continue for the full 36 months, "whichever will offer the

---

[1] *See* Docket # 15 in Case No. 04-66570 ("Amended Chapter 13 Plan")(also filed in Case No. 10-68727 as Ex. 2 to "Supplement to Debtor's Response to Order to Show Cause Why Debtor is Entitled to a Discharge" (Docket # 26); Docket 19 in Case No. 04-66570 ("Order Confirming Plan" filed on December 27, 2004)(also filed in Case No. 10-68727 as Ex. 3 to "Supplement to Debtor's Response to Order to Show Cause Why Debtor is Entitled to a Discharge" (Docket # 26).

[2] *See* Docket # 28 in Case No. 04-66570 ("Order Discharging Debtor After Completion of Chapter 13 Plan").

greater dividend to general unsecured creditors."³ When Debtor completed all payments under the Plan, the Trustee had actually paid 76.5% of the allowed unsecured claims.⁴

On September 15, 2010, less than six years after Debtor commenced his Chapter 13 case, Debtor filed a voluntary petition for relief under Chapter 7, initiating this case. On September 16, 2010, the Court entered a show-cause order requiring Debtor to "appear . . . and show cause why the Debtor is entitled to a discharge in view of [11 U.S.C. . . . §727(a)(9)]."⁵

Debtor filed a response to the Court's show-cause order, arguing that § 727(a)(9) does not bar a discharge in this case.⁶ Debtor argued that § 727(a)(9) does not apply because "creditors [in his previously filed Chapter 13 case] received 76.5% of all monies owed to them;" Debtor proposed the Chapter 13 Plan in that case in good faith; and the proposed 36-month Chapter 13 Plan was the Debtor's best effort.⁷

On October 20, 2010, the Court held a hearing, and then entered an order requiring Debtor to file a supplement to his response. After Debtor filed the required supplement, the Court entered another order on November 8, 2010, permitting Debtor to further supplement his response, this time to address the following questions:

> Why should the Court find that Debtor's confirmed Chapter 13 Plan in Case No. 04-66570 was the Debtor's "best effort" within the meaning of 11 U.S.C. § 727(a)(9)(B)(ii), in light of the fact that the

---

³ *See* Ex. 2 of Docket # 26 at 1, 3; Ex. 3 of Docket # 26.

⁴ *See* Docket # 25 in Case No. 04-66570 ("Chapter 13 Final Report and Account Paid").

⁵ "Order to Show Cause Why Debtor is Entitled to a Discharge" (Docket # 10).

⁶ *See* "Debtor's Response to Order to Show Cause Why Debtor is Entitled to a Discharge" (Docket # 18).

⁷ *Id.* at ¶¶ 4-5, 7.

2

> Plan was only a 36-month plan? Could not Debtor have paid a
> percentage greater than 76.5% — up to 100% — of the allowed
> unsecured claims in Case No. 04-66570, simply by confirming and
> performing a longer (up to 60 month) plan?[8]

Debtor filed a second supplement to his response.[9] In the second supplement, Debtor notes that the version of 11 U.S.C. § 1322(d) that was in effect when Debtor commenced his prior Chapter 13 did not "allow or require Debtor to make payments beyond 36 months," unless there was "cause" to do so. Debtor argues that under the statute as it was then written, "there would not have been sufficient cause for the Court to approve a longer plan length" in the Debtor's prior Chapter 13 case, "[e]ven had Debtor and the Court been able to foresee" the possibility "that Debtor would need to file a chapter 7 bankruptcy less than 6 years following the filing of the 2004 case."[10] Debtor notes further that although the Plan only provided for payment of 54% of the allowed claims of unsecured creditors, "when the case concluded the creditors received over a 20% greater dividend."[11] Based on these facts, Debtor argues that "the [Debtor's confirmed Chapter 13 P]lan was his best effort, under the law, at the time this Court [confirmed] his Chapter 13 [P]lan."[12]

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case under 28 U.S.C. §§ 1334(b), 157(a) and 157 (b)(1), and Local Rule 83.50(a) (E.D. Mich.). This matter is a core

---

[8] "Order Permitting Debtor to File a Further Supplement to His Response to the Court's Show-Cause Order" (Docket # 27) (footnote omitted).

[9] "Second Supplement to Debtor's Response to Order to Show Cause Why Debtor is Entitled to a Discharge" (Docket # 28).

[10] *Id.* at ¶¶ 2-5.

[11] *Id.* at ¶ 6.

[12] *Id.* at ¶ 7.

proceeding under 28 U.S.C. § 157(b)(2)(J).

**III. Discussion**

The Court concludes that Debtor cannot obtain a discharge in this Chapter 7 case, because of 11 U.S.C. § 727(a)(9)(B)(ii). Section 727(a)(9) of the Bankruptcy Code provides:

> (a) The court shall grant the debtor a discharge, unless—
>
> (9) the debtor has been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—
>
> (A) 100 percent of the allowed unsecured claims in such case; or
>
> (B) (i) 70 percent of such claims; and
>
> (ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort[.]

It is undisputed that Debtor was granted a discharge under § 1328 in a case commenced within six years before filing his voluntary Chapter 7 petition, and that Debtor did not pay 100% of the allowed unsecured claims in his Chapter 13 case. Therefore, Debtor must satisfy all three of the requirements of § 727(a)(9)(B), or he cannot obtain a discharge in this case.

Debtor's Plan paid 76.5% of allowed unsecured claims, so Debtor has satisfied the first requirement. *See* § 727(a)(9)(B)(i). The Court will assume without deciding that the second requirement is also satisfied — *i.e.,* that the Debtor proposed his Chapter 13 Plan in good faith. Debtor fails to meet the third requirement — that the Debtor's confirmed Plan was Debtor's "best effort," within the meaning of 11 U.S.C. § 727(a)(9)(B)(ii).

In this case, Debtor has not argued, or presented any evidence, that he did not have the

4

financial ability to pay his creditors more in his prior Chapter 13 case, by making the same bi-weekly payments for a duration longer than 36 months. There appears to be no dispute that if Debtor had confirmed a longer plan, of up to 60 months, at the same bi-weekly payment rate, he could have fully performed such a plan. This, of course, would have paid a higher dividend to unsecured creditors than the 76.5% that Debtor actually achieved.

Debtor does not dispute any of this. Rather, Debtor relies solely on his interpretation of the version of 11 U.S.C. § 1322(d) that was in effect in 2004, when Debtor filed his Chapter 13 case. That provision stated: "(d) The plan may not provide for payments over a period that is longer than three years, **unless the court, *for cause*, approves a longer period, but the court may not approve a period that is longer than five years**." 11 U.S.C. § 1322(d) (2004 version)(bold and italics added). Debtor argues that there was "no legal basis [under 11 U.S.C. § 1322(d)] for the Court . . . to allow or require Debtor to make payments beyond 36 months."[13] As a result, says Debtor, the confirmed 36-month plan must be viewed as his "best effort."

The Court must reject this argument. Whether or not the Court could have *required* Debtor to confirm a plan longer than 36 months, there is no reason to believe that the Court would not have found "cause" and confirmed a longer plan, if Debtor had proposed one.

Both before and after 2004 when Debtor's Chapter 13 case was filed, this Court routinely confirmed many Chapter 13 plans exceeding 36 months. And the better-reasoned case law supports such practice. In *In re Pierce*, 82 B.R. 874 (Bankr. S.D. Ohio 1987), for example, the court interpreted the language of former § 1322(d), which was then contained in 11 U.S.C.

---

[13] "Second Supplement to Debtor's Response to Order to Show Cause Why Debtor is Entitled to a Discharge" (Docket # 28) at ¶ 3.

5

10-68727-tjt    Doc 29    Filed 11/29/10    Entered 11/29/10 17:54:19    Page 5 of 7

§ 1322(c). The court held that "Congress clearly envisioned plans lasting five years if cause is shown to exist" and that "the debtors' willingness to pay their creditors a higher, albeit perhaps legally insignificant dividend, constitutes cause to extend their plans beyond three years." *Id.* at 885. And the court held that "[a] debtor's desire to preserve a subsequent discharge pursuant to § 727(a)(9) by payment of a 100% dividend to holders of allowed unsecured claims" or by paying "a 70% dividend . . . assuming the plan has been proposed in good faith and represents the debtor's best effort," also constitutes "cause" to approve a longer plan within the meaning of § 1322(c). *Id.* at 881.

There are cases that take a more restrictive approach to "cause" in this context. *See, e.g., In re Greer*, 60 B.R. 547, 555 (Bankr. C.D. Calif. 1986); *Pierce*, 82 B.R. at 881-83 (citing cases). But this Court agrees with *Pierce*, and the other cases taking the more liberal approach. In *In re Powell*, 15 B.R. 465, 473 (Bankr. N.D. Ga. 1981), for example, the court held that confirming a 60-month plan was proper under former § 1322(c), and that a debtor's desire to pay 100% of the debt owed to creditors was "cause" under this statute. The *Powell* court stated:

> The plan for 5 years was properly confirmed.
>
> The evidence establishes: the Debtor cannot pay off all secured claims plus administrative expenses in 3 years, let alone 100% of unsecured claims; and the Debtor, by use of her best efforts, can pay all administrative expenses and all secured and unsecured claims in a full 5 years-but not in less time.
>
> Although Chapter 13 does not require full payment of all unsecured claims, this Bankruptcy Court certainly will not discourage a debtor from that undertaking.

*Id.*; *see also In re Robertson*, 84 B.R. 109, 114 (S.D. Ohio 1988)(holding that "the debtor's desire to pay his unsecured creditors a 100% dividend as well as his intent to pay his secured creditors in

6

full under the plan, constitutes cause [under former § 1322(c)] to permit his proposed plan to extend beyond three years"); *In re Colston*, 11 B.R. 251, 256 (Bankr. N.D. Ga. 1981)(finding "cause" under former § 1322(c) to confirm the debtors' 4-year plan where the debtors had a "desire to pay all of their debts in full;" and extending the debtors' plan to 4 years would "aid the debtors in their efforts to fully repay their creditors"); *In re Eury*, 11 B.R. 397 (Bankr. N.D. Ga. 1981)(finding "cause" under former § 1322(c) to confirm a 60-month plan based on the debtor's desire to pay their debts in full," combined with debtors' inability to do so unless the plan exceeded 36 months).

The Court agrees with these cases, and concludes that under former § 1322(d), Debtor could have confirmed a Chapter 13 plan that was longer than 36 months, if Debtor had sought to do so. And a longer plan, at the same bi-weekly payment rate, obviously would have paid unsecured creditors a higher percentage of their allowed claims. As a result, the Court must conclude that Debtor's confirmed 36-month Chapter 13 Plan was not Debtor's "best effort" within the meaning of § 727(a)(9)(B)(ii).

**IV. Conclusion**

For these reasons, the Court must deny the Debtor's discharge in this Chapter 7 case, under § 727(a)(9). The Court will enter a separate order.

**Signed on November 29, 2010**                    /s/ Thomas J. Tucker
                                                    **Thomas J. Tucker**
                                                    **United States Bankruptcy Judge**